**Mardidos H. MIHRANIAN, M.D., et al., Plaintiffs—Appellees,**

**Paykar Construction, Inc., et al., Creditors—Appellants,**

v.

**AMERICAN GENERAL LIFE INSURANCE COMPANY, et al., Defendants—Appellees.**

No. 01–56390, 02–55127.

D.C. No. CV–99–00049–DOC.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002 *.

Decided Oct. 11, 2002.

Before PREGERSON, RYMER and McKEOWN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Paykar Construction, Inc. appeals the district court's denial of its objection to a settlement between American General Life Insurance Company and Mardidos Mihranian, Susan Chobanian, and Medical Clinic & Surgical Specialties of Glendale, Inc. (collectively, the doctors). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in rejecting Paykar's objection by presuming that an ERISA pension plan exists instead of requiring the doctors to prove it, as Paykar maintains. By virtue of the settlement, American General returned funds into the ERISA defined benefit pension plan from which its agent had improperly withdrawn funds. Neither American General's trial brief, nor Paykar's Reply to Responses to Objection to Settlement, is evidence otherwise. Both *Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118 (9th Cir.1998), and *Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489 (9th Cir.1988), upon which Paykar relies, involved a dispute between an alleged ERISA plan and individual beneficiaries and are not authority for imposing any burden on the doctors in this case. Regardless, the record indicates that funds were improperly withdrawn from, and returned to, Retirement Plan One. It is immaterial that documentation about the Plan relates to a period before 1993, because the unauthorized withdrawal occurred in 1989. Finally, Paykar's argument that no plan exists under *LaVenture v. Prudential Ins. Co. of America*, 237 F.3d 1042 (9th Cir.2001), is unpersuasive in light of Plan documents showing that other clinic employees were included at the time.

Paykar further contends that the settlement funds are subject to its notice of lien because the settlement is collusive and the proceeds are held by American General, which is not an ERISA plan. However, we cannot say that the court abused its discretion in approving settlement of the only remaining claim by the doctors against American General. The court had previously dismissed the doctors' claim for damages for loss of their individual life insurance policies and for other amounts that would have been recovered by them individually, and returning the sum taken from the Plan, plus interest, put the Plan in the position it would have been in had the funds not been improperly withdrawn. Unlike *Wright v. Riveland*, 219 F.3d 905 (9th Cir.2000), no money was disbursed by the Plan—it was wrongfully taken—and no settlement proceeds have been disbursed by the Plan. *See Boggs v. Boggs*, 520 U.S. 833, 851, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997) (alienation of funds from a pension plan prohibited).

Finally, Paykar argues that Fed. R. Civ. Pro. 69(a) required the district court to conduct discovery into the nature of the settlement. We disagree. Rule 69(a) has no bearing on Paykar's objection because Paykar was not seeking a writ of execution on a judgment of the district court.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.